682 F.2d 116
 110 L.R.R.M. (BNA) 2966, 94 Lab.Cas. P 13,633
 NEWSPAPER DRIVERS AND HANDLERS LOCAL UNION NO. 372,
Affiliated with International Brotherhood of
Teamsters, Chauffeurs, Warehousemen and
Helpers of America, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
and
The Oakland Press Company, a Subsidiary of Capital Cities
Communications, Inc., Intervenor.
 No. 81-1023.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 12, 1982.
Decided June 29, 1982.
 
 Gerry M. Miller, Goldberg, Previant, Uelmen, Gratz, Miller, Levy & Brueggeman, Milwaukee, Wis., for petitioner.
 Elliott Moore, Deputy Associate Gen. Counsel, Jolane Findley, N.L.R.B., Washington, D. C., L. Michael Zinser, Nashville, Tenn., for respondent.
 Robert L. Ballow, King & Ballow, Daniel C. Kaufman, L. Michael Zinser, Nashville, Tenn., for intervenor.
 Before EDWARDS, Chief Judge, MARTIN, Circuit Judge, and TUTTLE,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is the second time this case has been heard in this court. After the first hearing, it was remanded by a different panel for a determination of whether or not the newspaper carriers involved were as a matter of fact independent contractors or employees.
 
 
 2
 On review by the Board and by a divided two-to-one vote, the Board found, contrary to its long-standing previous policy, (see Newsday, Inc. 171 N.L.R.B. 1456 (1968)) that newspaper carriers were employees and hence that the district managers (whose status is actually at issue here) were supervisors so as to defeat their bargaining rights. The logic of this reversal appears to be entirely related to a change in composition of the Board, since the following facts relied upon by the Board in its decision were all available at the time of the Newsday decision.
 
 
 3
 The statutory review powers of this court are limited to determining as to the Board's fact findings only whether or not they are supported by substantial evidence on the whole record. Under that standard, there is no question but that the present fact-finding does have substantial support, as exemplified in the Board's recital of facts below:
 
 
 4
 Certain factors point toward the independent contractor status of the carriers. Thus, (1) carriers are not on Respondent's payroll and are required to sign an agreement which gives them "the exclusive right" to service all subscribers on their particular route. (2) Their income, which is not in the form of wages or salaries, usually constitutes the difference between the price of each copy and the subscription rate. (3) Respondent does not withhold social security and income taxes on behalf of the carriers. (4) Respondent does not provide workmen's compensation for the carriers. (5) Respondent does not grant carriers any fringe benefits except for the option as to accident insurance. (6) Carriers are given an opportunity to enhance their income and are eligible for prizes and awards by obtaining new subscribers. (7) Carriers assume the risk of loss when subscribers on their route are delinquent and Respondent bills carriers if they fail to deliver any copies they have ordered. (8) Carriers who desire to have shoulder or saddle bags must purchase them unless their predecessor provides them with used bags without charge.
 
 
 5
 However, the foregoing factors are clearly outweighed by the following factors which, notwithstanding the characterization of the carriers in the route agreement as "independent," demonstrate their employees status:
 
 
 6
 (1) Respondent establishes the wholesale and retail price of the newspaper, thereby controlling to a great extent the carriers' income. (2) The opportunity for additional income through the carriers' efforts in securing new subscribers is limited because (a) the carriers must, with the exception of their own parents and immediate neighbors, deliver newspapers only within their assigned route and (b) the carriers are prohibited from delivering any other newspapers or printed material without authorization by Respondent. (3) Respondent has the unilateral right to change the size of the route. (4) Carriers are subject to transfer by the district managers. (5) The carriers have no proprietary interest in their route and are not required to post a bond or pay for the route or the subscriber list. (6) Carriers do not have to pay Respondent for copies which are damaged or lost for any reason. (7) Although carriers bear the loss in the event of a subscriber's delinquency, their risk is minimized by the district manager's assistance in seeking to collect from such subscribers. (8) Respondent finances promotional campaigns. (9) District managers have substantial control over the carriers by training newly hired carriers and substitutes, instructing them as to their duties, checking on and evaluating the carriers' performance, assigning them to new routes, resolving the complaints of subscribers and the grievances of carriers, and terminating carriers when their work is unsatisfactory.
 
 
 7
 In view of the substantial control by the district managers over the carriers, the absence of the proprietary interest on the part of the carriers, their insulation from most losses, and the limited opportunity for significantly increasing their income, we now reverse our earlier finding and conclude in the light of the Board's more recent Decisions that the carriers are employees within the meaning of the Act.[10]
 
 
 8
 All this to the contrary notwithstanding, the union argues that the company should be equitably estopped from asserting a position completely inconsistent with its past conduct and representations.
 
 
 9
 Review of the Board's order indicates that the Board considered that this court's remand had precluded its review of this contention. We do not agree that this is a correct interpretation of this court's remand opinion. There is no express limitation therein, and we find no reason to imply one. For the limited purpose of determination of the equitable estoppel issue, the case is remanded to the National Labor Relations Board.
 
 
 10
 BOYCE F. MARTIN, Jr., Circuit Judge, dissenting.
 
 
 11
 I respectfully dissent on the basis that I do not feel that there is any evidence whatsoever that equitable estoppel may be claimed by the petitioners. I would enforce the order of the Board.
 
 
 
 *
 Honorable Elbert P. Tuttle, Senior Judge, U.S. Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 [10]
 See Philadelphia Newspapers, Inc., 238 NLRB No. 110 (1978). See also The Virginian-Pilot/Ledger Star, Capital Division of Landmark Communications, Inc., 241 NLRB No. 81 (1979), wherein the carriers were found to be employees despite the employer's past characterization of them as independent contractors